UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Gateway 2000, Inc. (f/k/a/ Gateway Inc.); Gateway Companies Inc.; Gateway Direct L.P.; and Gateway.com, L.P.,

Defendants. Civ. No. 00-295(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Dell Computer Corporation, a Delaware Corporation,

Defendant. Civ. No. 00-296(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Compaq Computer Corporation, a Delaware Corporation,

Defendant. Civ. No. 00-297(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

DEC 11 2000
...S E. DOSAL, CLERK
...NT ENTD ______
...RK ______

* * * * * * * * * * * * * * * * * * *

Microsoft Corporation,
a Washington Corporation,

Plaintiff and
Counterclaim Defendant,

vs.

Multi-Tech Systems, Inc.,

Defendant. Civ. No. 00-1412(ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of December, 2000.

* * *

On December 5, 2000, the Court heard argument on the informal request of the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech"), that we clarify our Order of October 10, 2000, as well as allow it three additional areas of discovery. The parties also seek the Court's guidance on a number of issues in regard to a Protective Order.

At the time of the Hearing, Multi-Tech appeared by Kevin Conneely and Darren B. Schwiebert, Esqs.; Compaq Computer Corporation ("Compaq") appeared by Robert J. Goldman and Richard A. Kempf, Esqs.; Dell Computer Corporation ("Dell") appeared by Willem G. Schuurman, Esq.; Gateway 2000, Inc. ("Gateway") appeared by Vir-

ginia Carron, Esq.; and Microsoft Corporation ("Microsoft") appeared by David T. Pritikin and Richard A. Cederoth, Esqs.

As to Multi-Tech's request for clarification, we believe our Order of October 10, 2000, is clear, and in need of no further interpretation. Discovery involving Compaq, Dell, and Gateway, is allowed to proceed, but only as to its obligation to provide Rule 26 disclosures, and to permit discovery, in the five areas which were identified in that Order. Discovery beyond those areas will be considered by the Court, on a showing of good cause. Our Order should not be read to limit the form of discovery, as we allow the parties to engage in the methods of discovery permitted by Rules 26 through 36, and 45, of the Federal Rules of Civil Procedure.[1]

Next, Multi-Tech has proposed three areas of discovery, in addition to the five topics set forth in our Order of October 10, 2000. As previously expressed, we will consider additional areas of discovery on a showing of good cause. However, with regard to two of the areas -- those involving 1) patent licensing and patent royalty obligations, and 2) any non-privileged communications with

[1]During the Hearing, we directed Compaq, Dell, and Gateway, to provide its discovery responses, to the Multi-Tech's outstanding discovery requests, by January 6, 2001. In addition, we directed the parties to "meet and confer" so as to determine a date for the completion of fact and expert discovery in the actions in which they appear as Defendants, which should predate the deadline for discovery in the Microsoft action.

third parties -- we direct the parties to "meet and confer" as to the propriety of such discovery given the narrow scope of the claims against Dell, Compaq, and Gateway. We urge the parties to narrow discovery of royalties paid, or exacted, by Dell, Compaq, and Gateway, to those which are substantially similar to the royalties that could be exacted here, and to designate the specific types of third-party communications which should properly be sought. If the parties are unable to reach a consensus, we will resolve any remaining differences.

As to the third area of proposed discovery -- corporate licensing policies, guidelines, and other published procedures -- Compaq, Dell, and Gateway, have agreed to produce any manuals, or written policies, with respect to the same, and any further discovery on this topic will either be pursuant to the agreement of the parties, or an Order of this Court, upon a proper showing.

Finally, the parties ask that we provide guidance on several discovery-related issues. One issue -- that involving the use of documents or other information produced in the Microsoft action -- has been resolved by the parties. The other two issues concern the date from which the parties may be relieved from logging attorney-client communications in their respective privilege logs, and the other pertains to the deadline by which Compaq, Dell, or Gateway,

should object to the scope of Multi-Tech's discovery, as being outside the areas previously designated by the Court.

With respect to the privilege log, Multi-Tech proposed that communications, between attorney and client, need not be listed after the date that counsel was retained. In contrast, Compaq, Dell, and Gateway, proposed the date when the pertinent action was filed by Multi-Tech. At the close of the Hearing, we directed that communications need not be identified, in a privilege log, after the earlier of either the date on which the pertinent attorney was retained, or the date on which the pertinent cause of action was filed. In addition, counsel are directed to more carefully craft the provision of their proposed Protective Order, which pertains to attorney-client confidences, so as to make clear the communications to be considered privileged.

Finally, we conclude that a uniform deadline, consistent with that allowed by the Federal Rules of Civil Procedure, should govern any objection to a parties' discovery requests, whether the objection is based on privilege, the scope of discovery, or any other proper basis. Accordingly, the generally 30-day deadline shall govern any objections to discovery, although the parties should make every effort to "meet and confer" with respect to the scope of any noted deposition, well prior to the scheduled date of that deposition. Good lawyering would commend nothing less.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's informal request to clarify the October 10, 2000 Order is DENIED.

2. That Compaq, Dell, and Gateway, are directed to provide Multi-Tech with their respective discovery responses by no later than **January 6, 2001.**

3. That the parties are directed to "meet and confer" on any remaining differences in the scope of their intended Protective Order, and with respect to the matters designated by the Court during the Hearing of December 5, 2000.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE